WhitakeR, Judge,
delivered the opinion of the court:
Plaintiffs entered into a contract with defendant on May 8,1943, for the construction of five wooden vessels at $400,000 each. The contract was performed and the contract price has been paid. Plaintiffs, however, ask us to reform the contracts and to award them an additional $125,000.
The ground for this request, as stated in the original petition, is that the defendant’s contracting officer in the negotiations leading up to the execution of the contract “indicated that the price paid by the Army for these vessels in the North was' but $400,00d, and that he would not pay more in San Francisco.” They then say that the “representation” as to *809 the price paid in Seattle “was a wilful misrepresentation as to a material fact.”
This petition was filed on May 28,1947. An amended petition was filed on July 8,1947, which varied from the original one only in that it alleged that plaintiffs had rescinded their contract and that they sue on a “contract implied in fact, the acceptance and use of the five vessels by the authorized agents of the defendant.”
Then on February 27, 1948, plaintiffs filed a second amended petition, again alleging a wilful misrepresentation of a material fact and their rescission of the contract.
Finally, on July 16, 1948, plaintiffs, by another firm of attorneys, filed a third amended petition, the material allegations of which are that the parties agreed to enter into a contract for the construction of the vessels “at the price prevailing in the Pacific Northwest,” and that the contracting officer of the defendant had given plaintiffs “to understand” that this price was $400,000.
To each of these petitions the defendant filed a general traverse denying each and every allegation thereof.
On this state of the pleadings the case went to trial before the Commissioner. The evidence showed, and the Commissioner has so reported, that a contract for the construction of these vessels, at $400,000 each, had been previously awarded to the Victory Shipbuilding Company, but that this contract had been canceled for the inability of this company or its refusal to proceed to carry it out. Plaintiffs were then asked if they would be interested in bidding on a contract for the construction of the vessels, but they were told that their bid would have to be in by the following day. The following day plaintiffs put in a bid of $438,000.00.
The Commissioner has further reported, which is unex-cepted to, that Johnson, defendant’s contracting officer, told plaintiffs that their price was too high and that he considered $400,000 as a fair price. Plaintiffs replied that they thought this price was “pretty low” but that they would recompute their bid.
In the conversation Johnson, as an inducement to get plaintiffs to agree to build the ships for $400,000 each, told them that the Victory Shipbuilding Company had contracted *810 to build the ships for $400,000 each; but, although he knew that contracts for the construction of similar vessels in the Seattle area had been let for $425,000, he did not disclose this fact to plaintiffs, believing that this price was too high. He did say, however, that he would be unwilling to pay more than the price being paid in the Seattle area, although he did not say what this price was.
All of these findings are unexcepted to and we have adopted them as our findings.
The Commissioner also finds that plaintiffs “got the impression” from all this that $400,000 was the Seattle price; but we have found that Martinolich was not reasonably justified in drawing this conclusion from anything which the defendant’s contracting officer said or did.
Even if such a representation be considered a material fact, in the absence of a finding that the mistake about it was induced by the other contracting party, there was no fraud.
Nor is it shown that the contracting officer was aware that plaintiffs had been led to believe that contracts had been let in Seattle at the price of $400,000. Some five years after the transaction, Johnson, defendant’s contracting officer, testified as follows:
I have been trying to figure how he got such an impression [that $400,000 was the Seattle price] and, in going back over the records, I notice that there was this discussion of the fact that the vessels were being built in the Seattle area. There was also the fact that I told him that the vessels that Victory had contracted to build were awarded at the price of $400,000, and it is possible— it is the only way I can see [how] it happened — he got the impression that this price of $400,000 applied to the vessels in the Seattle area. I did not deliberately try to mislead him that way. I thought he understood this price of $400,000 was applicable to this California yard. If I had had any idea that he connected the price of $400,000 with the Seattle vessels I would have bore down my weight to make sure that impression was corrected, because I wasn’t trying to mislead him.
This impresses us as a frank statement of an honest man.
There was, therefore, no mutual mistake of fact.
*811 There having been neither fraud nor mutual mistake of a material fact, there is no ground for reformation of the contract.
We express no opinion on whether or not, under the facts of this case, a misrepresentation of the price being paid in Seattle would have been such a misrepresentation of a material fact as to entitle plaintiffs to a reformation of the contract. We express no opinion on this because the proof fails to disclose such a misrepresentation.
Plaintiffs have proven no basis for a reformation of their contract. They have been paid the amount due thereon. Their petition will be dismissed.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.